**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------X
GEORGE CHUA, on behalf of himself and all others similarly situated,

                Plaintiff,

-against-

GOLDEN TOUCH TRANSPORTATION OF NEW YORK INC. and TRANSDEV BUS ON DEMAND LLC,

                Defendants.
---------------------------------------------X

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Case No.:

PLAINTIFF DEMANDS A TRIAL BY JURY

Plaintiff, George Chua, by his attorney, The Rose Law Group, PLLC, upon information and belief, complain as follows:

## NATURE OF THE CASE

1. Plaintiff, individually and on behalf of all other similarly situated current and former hourly employees of Defendants, brings this action against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL") for failure to pay the overtime premium, seeking to recover unpaid overtime, an additional amount as liquidated damages, reasonable attorneys' fees and costs.

2. Plaintiff, individually and on behalf of all other similarly situated employees terminated as part of the lay-off announced on or about April 6, 2018, also asserts claims for violations of the Worker Adjustment Retraining and Notification Act ("Warn Act"), 29 U.S.C. §§ 2101-2109 and the New York Labor Law, § 860 et. seq. ("NY Warn Act"), for failure to provide proper notice prior to the Plaintiff and similarly situated employees' termination prior to a mass layoff.

## JURISDICTION AND VENUE

3. Jurisdiction of this action is conferred upon the Court by § 16(b) of the FLSA (29 U.S.C.

§216(b)). Jurisdiction of this Court is also proper under 29 U.S.C. §§ 2101 *et seq*.

4. Supplemental Jurisdiction is proper over the State law claims pursuant to 28 U.S. Code § 1367.

5. Venue is proper in this district based upon Defendants' residency within Queens County, State of New York, within the Eastern District of New York. 28 U.S.C. §1391(b).

## PARTIES

6. That at all times relevant hereto, Plaintiff George Chua ("Plaintiff") is a resident of the State of New York.

7. Plaintiff was, during all relevant times, an employee for Defendant.

8. That at all times relevant hereto, Defendant Golden Touch Transportation of NY, Inc. was and is a Domestic Business Corporation duly authorized and existing by virtue of the laws of the State of New York.

9. That at all times relevant hereto, Defendant Golden Touch Transportation of NY, Inc. does business in the State of New York.

10. That at all times relevant hereto, Defendant Golden Touch Transportation of NY, Inc. is located at 45-02 Ditmars Blvd Astoria, New York 11105.

11. That at all times relevant hereto, Defendant Transdev Bus on Demand LLC is a Foreign Limited Liability Company authorized to do business in New York.

12. Upon information and belief, Defendant Transdev Bus on Demand LLC conducted business on behalf of or jointly with Defendant Golden Touch Transportation of NY, Inc. in that they issued wages to employees on behalf of Defendant Golden Touch Transportation of NY, Inc.

13. Defendant Golden Touch Transportation of NY, Inc. together with Defendant Transdev Bus on Demand LLC are referred to herein as "Defendant."

## **THE FLSA CLASS**

14. While class certification pursuant to FRCP Rule 23 is not required for an FLSA collective action, defining the class of eligible FLSA Plaintiffs is useful, as the Court will be asked to order Defendants to produce the names and addresses and other information of potential opt-in Plaintiffs.

15. The class of eligible opt-in Plaintiffs consists of all persons who worked for Defendants as "driver" at any time from three (3) years prior to the filing of this case, to entry of judgment in this case (the "FLSA Class" and "Class Period," respectively).

16. Although the precise number of putative class members is unknown, and facts upon which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over one hundred (100) members of the FLSA Class who worked for Defendants within the Class Period.

17. There are questions of law and fact common to this FLSA Class which predominate over any questions solely affecting individual members of the FLSA Class, including whether Defendants failed to compensate employees at any rate for hours employees were required to be at work, performing work and traveling to and from job sites; whether each employee was paid overtime in weeks when they worked over forty (40) hours.

18. Plaintiff's claims are typical of the claims of the FLSA Class. Plaintiff will fairly and adequately protect the interests of the FLSA Class.

19. A collective action is superior to other methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

20. Defendants have acted or refused to act on grounds generally applicable to the FLSA Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

21. At all times relevant to this action, Plaintiff and other FLSA Class Plaintiffs were employed by Defendants within the meaning of the FLSA.

22. At all times relevant to this action, Defendants transacted and transacts commerce and business in excess of $500,000.00 annually or has revenues in excess of $500,000.00 annually, for all applicable periods in question. Further, Plaintiff were directly involved in interstate commerce.

23. At all times relevant to this action, Defendants willfully failed to pay all FLSA Class Plaintiffs the overtime premium for hours worked in excess of forty (40) each week.

24. At all times relevant to this action, due to Defendants' FLSA violations, Plaintiff and other FLSA Class Plaintiffs are entitled to recover from Defendants their unpaid wages, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §216(b).

## THE RULE 23 NYLL CLASS

25. Plaintiff Chua also brings this action on behalf of himself and all other persons similarly situated pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

26. The class of eligible Plaintiffs consists of all persons who worked for Defendants as a "driver" at any time from six (6) years prior to the filing of this case to entry of judgment in this case, and who are not paid the required overtime premium in violation of the NYLL ("Rule 23 NYLL Class").

27. As the members of the Rule 23 NYLL Class are numerous and of an unknown number, joinder of all members is impracticable. The precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant.

28. Upon information and belief the number of potential members of the Rule 23 NYLL Class exceed one hundred (100).

29. Plaintiff Chua's claims are typical of the claims of the Rule 23 NYLL Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy — particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

30. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 NYLL Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 NYLL Class as a whole.

31. Plaintiff Chua is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

32. Plaintiff Chua has the same interests in this matter as all other members of the Rule 23 NYLL Class and Plaintiff Chua's claims are typical of the Rule 23 NYLL Class.

33. There are common questions of law and fact affecting all members of the Rule 23 NYLL Class which predominate over any questions only affecting the individual members of the Rule 23 NYLL Class, including but not limited to:

    a. Whether Defendants employed the members of the Rule 23 NYLL Class within the meaning of the NYLL and FLSA;

    b. Whether Defendants failed and/or refused to pay the members of the Rule 23 NYLL Class overtime premium pay for time worked each week which was in excess of forty (40) hours; and,

5

      c.    Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated, punitive and statutory damages, interests, costs and disbursements and attorneys' fees.

34. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(2), since the unlawful actions of Defendant, as alleged herein, has been taken on grounds equally applicable to all members of the Rule 23 NYLL Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 NYLL Class as a whole.

35. Alternatively, this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(1)(A), as the prosecution of separate actions by individual members of the Rule 23 NYLL Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Rule 23 NYLL Class, which would establish incompatible standards of conduct for Defendants who oppose the Rule 23 NYLL Class.

36. Alternatively, this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) as common questions of law and fact described above predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversies between the parties.

37. The members of the Rule 23 NYLL Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedure that violate the NYLL.

## MATERIAL FACTS RELEVANT TO THE FLSA AND NYLL CLAIMS

38. Plaintiff George Chua ("Chua") was hired by Defendants in or around July of 2013 as a Bus Driver.

39. Throughout Plaintiff Chua's employment, his work product was excellent and he was never disciplined for his performance.

40. Upon information and belief, Defendant Golden Touch Transportation of NY, Inc. operates the NYC Airporter express bus services between New York's Airports.

41. Throughout Plaintiff Chua's employment, Defendant instructed Plaintiff Chua as to where and what time he would be driving, depending on where they needed him.

42. Plaintiff Chua, throughout his employment, was required to arrive to work at various times throughout the day. Some days, Plaintiff was required to report to work at 4:00 am until 4:00 pm.

43. Plaintiff Chua and all similarly titled employees of Defendant worked between twelve (12) and eighteen (18) hours each day.

44. However, Plaintiff Chua was not paid for all hours worked as Defendants only compensated Plaintiff and similarly situated employees at a flat hourly rate for all hours worked, regardless if they exceeded forty (40) in a workweek.

45. At all times up until 2018, Plaintiff Chua was compensated at a flat rate per hour for which he was compensated regardless of the number of hours worked overtime.

46. In the beginning, that rate was $11.00 per hour.

47. By the end of his employment, this was raised to $17.00 per hour in or around 2017.

48. The practice of not compensating Plaintiff and other employees with time and a half for hours worked in excess of forty (40) hours each week continued up to and until in or around January of 2018 when Defendants began paying Plaintiff Chua overtime premium for hours worked over forty (40).

49. Plaintiff was being paid the overtime premium until May of 2018 when Defendant terminated Plaintiff and a majority of their employees.

50. From the beginning of Plaintiff Chua's employment in 2013 until his termination in 2018, Defendants' policies relating to his FLSA and NYLL claims did not change except as

7

indicated herein and were applied to all of Defendant's hourly employees.

51. As a result, Plaintiff Chua and other similarly situated employees have lost pay to which they are entitled under the FLSA and NYLL and have been damaged in an amount yet to be determined.

## WARN ACT and NY WARN ACT CLASS

52. Plaintiff Chua bring this action on behalf of himself and all other persons similarly situated pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

53. The class of eligible plaintiffs consists of all persons who worked for Defendant during the previous twelve (12) months and who were terminated and/or laid off on or about April 6, 2018 as part of the termination of the agreements and permits which were effective May 6, 2018 according to Defendant (the "WARN Class").

54. As the members of the WARN Class are numerous and of an unknown number, joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are in excess of one hundred (100) members of the WARN Class.

55. Plaintiff's claims are typical of the claims of the WARN Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy — particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. Further, 29 U.S.C. § 2104(a)(5) and NYLL § 860-g(7) specifically permit these claims to be brought on behalf of persons "similarly situated."

56. Defendant has acted or has refused to act on grounds generally applicable to the WARN Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the WARN Class as a whole.

57. Plaintiff is committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

58. Plaintiff has the same interests in this matter as all other members of the WARN Class and Plaintiff's claims are typical of the WARN Class.

59. There are common questions of law and fact affecting all members of the WARN Class which predominate over any questions only affecting the individual members of the WARN Class, including but not limited to:

    a. Whether Defendant terminated each of the individuals without providing the proper compensation under the WARN Act and NY WARN Act;
    b. How much notice was afforded to each individual as was required under the WARN Act and NY WARN Act;
    c. What benefits were provided to individuals who were terminated and/or laid off in violation of the WARN Act and NY WARN Act;
    d. Whether there were sufficient number of employees for the WARN Act and NY WARN Act to apply;
    e. Whether the layoff constituted a mass layoff under the WARN Act and NY WARN Act.

60. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) since the unlawful actions of Defendant, as alleged herein, have been taken on grounds equally applicable to all members of the WARN Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the WARN Class as a whole.

61. Alternatively, this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(1)(A), as the prosecution of separate actions by individual members of the WARN Class would create a risk of inconsistent or varying adjudications with respect to

individual members of the WARN Class, which would establish incompatible standards of conduct for Defendant who oppose the WARN Class.

62. Alternatively, this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) as common questions of law and fact described above predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversies between the parties. The members of the WARN Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedure that violated the WARN Act.

**MATERIAL FACTS RELEVANT TO THE WARN ACT AND NY WARN ACT CLAIMS**

63. On or about April 6, 2018, Defendants sent out a WARN and NY WARN Notification letter, notifying Plaintiff Chua that "most of the 179 employees employed by" Defendant, including him, would be laid off effective July 6, 2018.

64. However, for Plaintiff and other members of the WARN Class, they were actually terminated effective May 6, 2018, only thirty (30) days after receiving notice.

65. Plaintiff Chua and other members of the WARN Class continued to receive a paycheck from May 6, 2018 until July 6, 2018, presumably in lieu of continued employment.

66. From May 6, 2018, the day that the agreements and permits were terminated as described by the WARN and NY WARN Notification sent by Defendant until July 6, 2018, Plaintiff and other members of the WARN Class's paychecks were not at their regular rates but were instead for only forty (40) hours each week at their hourly rate.

67. Under the law, employers are required to provide the "(i) average regular rate received by such employee during the last 3 years of the employee's employment; or (ii) the final regular rate received by such employee" under the WARN Act. 29 U.S.C. § 2104 (a)(1)(A).

68. Similarly, the NY WARN Act requires that the amount paid to an employee terminated prior to the end of the notice period be equal to

    (1) Back pay at the average regular rate of compensation received by the employee during the three years prior to the date of termination, or the employee's final rate of compensation, whichever is higher. The "average regular rate of compensation" is calculated by dividing the total regular and overtime wages earned by the employee during the three years prior to the date of termination by the number of days worked over the same three year period. The "final rate of compensation" is calculated by dividing the amount received by the employee in his or her last paycheck prior to termination divided by the number of days worked. For calculations involving salary or commission employees, the number of days worked is the number of days the employee was in active employment status. NYLL § 921-7.3(a)(1).

69. Upon information and belief all members of the WARN Class Plaintiffs were not paid their regular rate for that sixty (60) day period and are owed the difference between their regular rate and the rate actually paid.

70. While Defendant provided notice of approximately thirty (30) days, they then terminated Plaintiff and members of the WARN Class's employment and paid them only for forty (40) hours each week, despite many of their regularly working well in excess of forty (40) hours.

71. Upon information and belief all members of the WARN Class were not provided the full ninety (90) day notice as required by law.

## AS A FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

72. Plaintiff, on behalf of himself and all others similarly situated, repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

73. Defendant willfully employed Plaintiff and all members of the FLSA Class in the aforementioned enterprise and failed to properly compensate Plaintiff and all members of the FLSA Class for all hours worked during their employment.

11

74. Defendant failed to provide the overtime premium rate of one and a half times their regular hourly rate as is required by the FLSA for all hours worked over forty (40) in a week.

75. Defendant's failure to comply with the FLSA caused Plaintiff and FLSA Class Plaintiffs to suffer loss of wages and other damages as described and demanded herein.

### AS A SECOND CAUSE OF ACTION
### VIOLATION OF NEW YORK LABOR LAW

76. Plaintiff, on behalf of himself and all others similarly situated, repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

77. Plaintiff was an employee of Defendant within the meaning of New York Wage Regulations (NYCRR Labor Section 138 et seq.).

78. Defendant failed to pay Plaintiff and Rule 23 NYLL Class overtime premium for hour worked in excess of forty (40) each week.

79. Defendant's failure to pay overtime premium as is required by the New York Labor Law was willful.

80. On account of such violations, Defendant is liable to Plaintiff and members of the Rule 23 NYLL Class for actual, statutory and liquidated damages.

### AS A THIRD CAUSE OF ACTION
### VIOLATION OF THE WARN ACT

81. Plaintiff, on behalf of himself and all others similarly situated, repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

82. Defendant violated the WARN Act by failing to provide a sixty (60) day notice to employees prior to a mass layoff and then issuing payments which were less than the

regular rate during the period of time after termination until the end of the required notice period.

83. At all times relevant herein, Defendant willfully failed to provide proper notice prior to the termination of Plaintiff and other members of the WARN Class. Such act violates the Worker Adjustment Retraining and Notification Act ("Warn Act"), 29 U.S.C. §§ 2101-2109

84. Plaintiff and members of the WARN Class were damaged by Defendant's violation of the law.

### AS A FOURTH CAUSE OF ACTION FOR
### VIOLATION OF NEW YORK WARN ACT

85. Plaintiff, on behalf of himself and all others similarly situated, repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

86. At all times relevant to this action, Plaintiff and all members of the WARN Class were employed by Defendant within the meaning of New York WARN Act and the applicable regulations thereunder.

87. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff and other members of the WARN Class with ninety (90) days' notice prior to their termination after a mass layoff.

88. At all times relevant herein, Defendant willfully failed to provide proper notice prior to the termination of Plaintiff and other members of the WARN Class.

89. Such act violates the New York Labor Law, § 860 et. seq. ("NY Warn Act").

90. Plaintiff and members of the WARN Class were damaged by Defendant's violation of the law.

## JURY DEMAND

91. Plaintiff, on behalf of himself and all others similarly situated, demands a trial by jury.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants:

A. Certifying a Collective Class for all FLSA Class Plaintiffs and permitting notice be sent to all FLSA Class Plaintiffs with the option to join;

B. Certifying a Rule 23 class for all members of the Rule 23 NYLL Class.

C. Certifying a Rule 23 class for all members of the WARN Class.

D. Awarding all wages not paid as required under the FLSA and NYLL, plus liquidated damages under both the NYLL and the FLSA and interest;

E. Declaring that Defendant's policies and procedures violate the FLSA and NYLL;

F. Awarding all wages not paid as required under the WARN Act and NY WARN Act as required;

G. Declaring that Defendant's policies and procedures violated the WARN Act and NY WARN Act;

H. Awarding damages to the Plaintiff, FLSA Class Plaintiffs, Rule 23 NYLL Class Plaintiffs and WARN Act Plaintiffs to otherwise make them whole for any losses suffered as a result of such unlawful employment practices;

I. Awarding liquidated damages;

J. Awarding Plaintiff punitive damages;

K. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action; and,

L.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: Astoria, New York
      September 21, 2018                                  **THE ROSE LAW GROUP, PLLC**

                                                         /s/Jesse C. Rose
                                                   Jesse C. Rose (JR-2409)
                                                   3109 Newtown Ave; Suite 309
                                                   Astoria, New York 11102
                                                   PH: (718) 989-1864
                                                   jrose@theroselawgroup.com